IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv223 |
| ALONZO TURNER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on approximately 30 occasions between March 24, 2020, and February 7, 2021, he was denied medical care by several of the defendants for his hypoglycemia. He states that various correctional officials denied him prescribed medical treatment for low blood sugar, which caused him to suffer pain. Plaintiff states that while he informed supervisors of the mistreatment, they failed to take action to rectify the situation. Plaintiff also states that on one occasion he was not permitted to go to the infirmary for a medical appointment.

Plaintiff further alleges he submitted numerous sick call requests and grievances making staff and administrators aware of the actions described above. He states his grievances were illegally screened and that the defendants who considered these grievances failed to adequately investigate and resolve them. Plaintiff asserts these actions occurred between July 20, 2020, and March 3, 2021.

Standard of Review

A lawsuit filed by a prisoner shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face. *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

Analysis

*Medical Care*

Plaintiff alleges that certain of the defendants were deliberately indifferent to his serious medical needs.[1] To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A defendant is deliberately indifferent to serious medical needs only if she knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190

---

[1] Plaintiff asserts the following defendants interfered with his medical care: Defendants Poullard, Obyenezi, Fisher, Arellano, Ejemegwonye, Turner, Fontenot, Whitfiledcooper, James, Ezenwanne, Takem, LeBlanc, O'Neal, Lewis, Turner, Joseph, Taylor, Boykin, Theriot, Roberson, Trahan, Bobb, Cooper, Thomas, Gonzalez, Smith, Newton, Kayode, Stevens, Aileru, Nawachukwu, Dumas, Witherspoon, Roberts, Murray and Liku.

F.3d 693, 697 (5th Cir. 1999).  In addition, disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  In *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001), the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a clam for deliberate indifference.  Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

A delay in receiving medical treatment can constitute a constitutional violation, but only if there is deliberate indifference that results in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Plaintiff states that on several occasions he was not permitted to go to the infirmary to receive prescribed treatment for low blood sugar.  He further asserts that on another occasion he was not taken to the infirmary at the time of an appointment.

The defendants may have been negligent in not permitting plaintiff to go to the infirmary as requested.  However, plaintiff's allegations fail to show the defendants were aware he was subject to a substantial risk of serious harm if he was not taken to the infirmary.  Plaintiff does not state he informed the defendants of symptoms which would have put them on notice that serious harm could result if he was not taken to the infirmary promptly.  As a result, plaintiff's allegations fail to establish that the defendants' failure to take action rose to the level of deliberate indifference.

In addition, plaintiff does not state he became seriously ill as a result of not being taken to the infirmary promptly or that the delays he experienced in receiving treatment resulted in any lasting complications to the treatment of his hypoglycemia.  As a result, the delays in receiving treatment described by plaintiff are not sufficient to constitute a constitutional violation.

*Grievances*

Plaintiff also alleges certain of the defendants improperly screened his grievances and failed to adequately investigate and resolve grievances he filed concerning his medical care.[2]  However, inmates do not have a constitutionally protected liberty interest in having grievances properly investigated or resolved.  *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  As a result, plaintiff's allegations regarding his grievances fail to state a claim upon which relief may be granted.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 6th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

---

[2]  Plaintiff alleges the following defendants failed to properly investigate and resolve his grievances: Defendants Thomas and Reynolds.